1  ELISA J. STEWART, State Bar #219557
2  WENDY E. MUSELL, State Bar #203507
   STEWART & MUSELL, LLP
3  351 California Street, Suite 700
   San Francisco, CA 94104
4  Telephone:    (415) 274-0700
   Facsimile:    (415) 520-0920
5  estewart@stewartandmusell.com
   wmusell@stewartandmusell.com

6  Attorneys for Plaintiff
   Kristopher Klay

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 KRISTOPHER KLAY,                    Case No.:  5:14-CV-00326 BLF

13                  PLAINTIFF,         STIPULATION AND ~~[PROPOSED]~~
                                       ORDER ALLOWING PLAINTIFF TO
14     v.                              FILE FIRST AMENDED COMPLAINT

15

16 SANTA CRUZ COUNTY SHERIFF'S
   OFFICE; WATSONVILLE POLICE
17 DEPARTMENT; STEFAN FISH and DOES
   1-20, inclusive,

18                  DEFENDANTS

19

20     WHEREAS, Plaintiff Kristopher Klay filed a Complaint in California Superior Court,

21 County of Santa Cruz on November 15, 2013;

22     WHEREAS, Plaintiff Kristopher Klay filed a Complaint in California Superior Court,

23 County of El Dorado on November 15, 2013;

24     WHEREAS, Defendants Santa Cruz County Sheriff's Office, Watsonville Police

25 Department and Stefan Fish removed the case to this Court on January 22, 2014;

26     WHEREAS Plaintiff seeks to file a First Amended Complaint, a copy of which is

27 attached hereto as Exhibit A;

28     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

the parties to the above-captioned action, through their respective counsel, as follows:

   1.  Plaintiffs shall be permitted to file the First Amended Complaint within seven days of the Court entering the Proposed Order.

   2.  Defendants shall have 15 days from the date Plaintiff files the First Amended Complaint to answer or otherwise respond to the First Amended Complaint.

IT IS SO STIPULATED.

DATED:  September 18, 2014     STEWART & MUSELL, LLP


          By: _/s/ Elisa J. Stewart_____
             Elisa J. Stewart

          Attorneys for Plaintiff


DATED:  September 18, 2014     DANA McRAE, COUNTY COUNSEL


          By: __/s/ Jason M. Heath_____
             Jason M. Heath
             Chief Assistant County Counsel

          Attorneys for County Defendants


DATED:  September 18, 2014     GRUNSKY, EBEY, FARRAR & HOWELL


          By: _/s/ Matt Aulenta_____
             Matt Aulenta

          Attorneys for Watsonville Police Department

    **IT IS SO ORDERED.**


DATED: Ù^]♦æ^¦Æ¡_____, 2015

             Beth L. Freeman
             Judge of the United States District Court

# EXHIBIT A

ELISA J. STEWART, State Bar #219557
WENDY E. MUSELL, State Bar #203507
STEWART & MUSELL, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone:     (415) 274-0700
Facsimile:     (415) 520-0920
estewart@stewartandmusell.com
wmusell@stewartandmusell.com

Attorneys for Plaintiff
Kristopher Klay

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KRISTOPHER KLAY,<br><br>                    PLAINTIFF,<br><br><br>v.<br><br><br><br>SANTA CRUZ COUNTY SHERIFF'S OFFICE; WATSONVILLE POLICE DEPARTMENT; STEFAN FISH and CITY OF SOUTH LAKE TAHOE,<br><br>                    DEFENDANTS | Case No.: 5:14-CV-00326 BLF<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1.  42 U.S.C. § 1983;<br>2.  42 U.S.C. § 1983;<br>3.  Violation of Labor Code § 432.7(g)(1);<br>4.  Violation of Labor Code § 432.7(g)(2);<br>5.  Violation of Labor Code §432.7(a)<br>6.  Defamation Per Se<br>7.  Libel;<br>8.  Negligent Infliction of Emotional Distress; and<br>9.  Intentional Infliction of Emotional Distress.<br><br>**JURY TRIAL DEMANDED** |

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

Plaintiff KRISTOPHER KLAY, by and through his attorneys, STEWART & MUSELL, LLP hereby complains against Defendants SANTA CRUZ COUNTY SHERIFF'S OFFICE, WATSONVILLE POLICE DEPARTMENT, STEFAN FISH AND CITY OF SOUTH LAKE TAHOE, (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff KRISTOPHER KLAY (hereinafter "KLAY" or "PLAINTIFF") against Defendants for violations of 42 U.S.C. § 1983; Labor Code § 432.7(a), (g)(1) and (g)(2); Defamation Per se, Libel; Negligent Infliction of Emotional Distress; and Intentional Infliction of Emotional Distress.  DEFENDANTS' illegal conduct caused great harm to the PLAINTIFF.

2.      On May 3, 2013, PLAINTIFF, a firefighter with the City of South Lake Tahoe Fire Department, was traveling on a motorcycle with another companion, a friend and fellow Emergency Medical Technician, in Watsonville, CA when they were stopped by law enforcement officers who claimed they could not view one of the motorcycle's registrations. The motorcycle was properly registered.  PLAINTIFF was never charged with any crimes as a result of his detention.  Despite this, DEFENDANT FISH, a member of the Santa Cruz County Task Gang Task force of the Santa Cruz County Sheriff's Office and the Watsonville Police Department, communicated PLAINTIFF'S detention to PLAINTIFF'S employer, South Lake Tahoe Fire Department.   DEFENDANT FISH further claimed that PLAINTIFF was a member of a motorcycle gang.  Thereafter, DEFENDANT CITY OF SOUTH LAKE TAHOE requested, obtained and distributed the May 3, 2013 Watsonville Police Department report detailing Plaintiff's detention.  Subsequently, DEFENDANT CITY OF SOUTH LAKE TAHOE further defamed PLAINTIFF and terminated him from his position as a firefighter using the detention as a basis.

## JURISDICTION AND VENUE

3.      Jurisdiction:  This case arises under, *inter alia*, violations of 42 U.S.C. §1983. Jurisdiction in this Court is proper based on 28 U.S.C. §1331.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

4.    <u>Venue</u>:  Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of California.

5.    <u>Intradistrict Assignment</u>:  This case is properly assigned to the San Francisco Division of the Northern District of California pursuant to Northern District of California Local Rule 3-2(c) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Santa Cruz County.

## PARTIES

6.    PLAINTIFF, KRISTOPHER KLAY, is a natural person, residing in California, who was detained by DEFENDANTS SANTA CRUZ COUNTY SHERIFF'S OFFICE; WATSONVILLE POLICE DEPARTMENT AND DEFENDANT STEFAN FISH.

7.    DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE is a public entity, organized under the laws, rules and regulations of California and Santa Cruz County and is located and operated in Santa Cruz County, California.

8.    DEFENDANT WATSONVILLE POLICE DEPARTMENT is a public entity, organized under the laws, rules and regulations of California and Watsonville and is located and operated in Watsonville, Santa Cruz County, California.

9.    DEFENDANT STEFAN FISH is a natural person employed and/or working under the authority of DEFENDANTS SANTA CRUZ COUNTY SHERIFF'S OFFICE and WATSONVILLE POLICE DEPARTMENT.

10.    DEFENDANT CITY OF SOUTH LAKE TAHOE is a public entity, organized under the laws, rules and regulations of California and South Lake Tahoe and is located and operated in Watsonville, Santa Cruz County, California.  Both the South Lake City Fire Department and South Lake City Police Department are organized under the laws, rules and regulations of the City of South Lake Tahoe.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    In accordance with the appropriate regulations, codes, and statutes, the PLAINTIFF has exhausted his administrative remedies by filing timely tort claims with Santa

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

Cruz County, Watsonville and South Lake Tahoe.  Although not required, Plaintiff also filed citizen complaints at the relevant law enforcement agencies.

## GENERAL ALLEGATIONS

12.     On or about May 3, 2013, PLAINTIFF was traveling in Watsonville, Santa Cruz County with a companion and work colleague.  He and his companion were traveling on motorcycles.  They were wearing vests with patches.

13.     At the time, PLAINTIFF was employed as a firefighter with the South Lake Tahoe Fire Department ("SLTFD").  His companion was employed as an Emergency Medical Technician.

14.     Law enforcement officers in a Watsonville Police Department vehicle activated their emergency lights and sirens.  PLAINTIFF and his companion immediately pulled over.

15.     When members of the Santa Cruz County Gang task force approached them, PLAINTIFF and his companion were questioned whether PLAINTIFF'S companion's motorcycle was properly registered.  The motorcycle was in fact properly registered.

16.     PLAINTIFF was detained by these law enforcement officers who were members of the Santa Cruz County Gang Task Force.

17.     There was no lawful basis for PLAINTIFF'S detention.  The officers could not have reasonably suspected that PLAINTIFF had any weapons in his possession or that he had been involved in any sort of criminal activity.

18.     PLAINTIFF was searched, photographs were taken of him, and then he was released shortly thereafter and was not arrested, cited or charged with any offense.

19.     Despite not being arrested, cited, or charged with any offense, the law enforcement officers stated, *inter alia*, in their police report that PLAINTIFF was a member of a motorcycle gang and that the detention involved "gang activity."

20.     At the time, PLAINTIFF was associated with the Guerillas Motorcycle Club, a non-profit organization which raises money for charities.  The members of the club included firefighters and EMT workers who enjoyed riding motorcycles on their off duty time and also think it is important to raise money for charity.

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

21.     PLAINTIFF is not and never has been a member of an unlawful motorcycle gang.

22.     On or about May 30, 2013, DEFENDANT FISH and/or some other agent of law enforcement, who participated in the detention of PLAINTIFF, contacted PLAINTIFF'S employer, the SLTFD without PLAINTIFFF'S advance knowledge or consent.  DEFENDANT FISH and/or some other agent of law enforcement told PLAINTIFF'S employer that PLAINTIFF was a gang member.  The SLTFD was not legally authorized to receive such information.

23.     Thereafter SLTFD requested that the City of South Lake Tahoe Police Department ("SLTPD") request a copy of the May 3, 2013 Watsonville police report.  SLTPD obtained a copy of the report and provided it to SLTFD.

24. On or about June 5, 2013, SLTFD communicated its intent to terminate PLAINTIFF'S employment as a firefighter.  The sole reason provided for the termination was the police report referencing the detention of PLAINTIFF on May 3, 2013.

25.     In contemplating PLAINTIFF'S termination, SLTFD issued correspondence containing defamatory statements, including but not limited to, referring to PLAINTIFF as a "gang member firefighter."

26.     On or about June 11, 2013, PLAINTIFF was directed to attend a brief meeting with Fire Chief Bruce Martin.  PLAINTIFF stated he was not a gang member and that he in no way supported any gangs.  PLAINTIFF further advised that his involvement with the Guerillas Motorcycle Club was for the purpose of associating with other EMTs and firefighters and to raise money for charities.  PLAINTIFF further provided documentation in support of his statements.

27.     On or about June 11, 2013, PLAINTIFF was terminated from his employment with the South Lake Tahoe Fire Department.

28.     On or about June 26, 2014, PLAINTIFF, through counsel, requested a hearing to clear his name.   This request was not granted.

29.     On or about July 8, 2013, Plaintiff issued a complaint to DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE through his legal counsel claiming that DEFENDANTS

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

SANTA CRUZ COUNTY SHERIFF'S OFFICE and FISH had violated the law when it contacted his employer and provided false information leading to his termination of employment.

30.    On or about August 14, 2013, DEFENDANT SANTA CRUZ COUNTY SHERIFF'S OFFICE issued a correspondence stating PLAINTIFF'S allegation was "**Sustained**. Meaning the investigation disclosed sufficient evidence to prove the allegation made in the complaint." *See* Exhibit A attached hereto.

31.    As a result of this event, PLAINTIFF has suffered the loss of his employment as a firefighter, loss of training opportunities and opportunities to advance in his chosen field. PLAINTIFF'S reputation has been marred by baseless claims that he is a gang member. PLAINTIFF has also suffered emotional distress.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF 42 U.S.C. § 1983

### (AGAINST DEFENDANTS SANTA CRUZ, FISH AND WATSONVILLE)

32.    PLAINTIFF hereby incorporates paragraph 1 through 31 as though fully set forth herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this Complaint except those that are inconsistent with a cause of action for a violation of 42 U.S.C. § 1983.

33.    At all times herein mentioned 42 U.S.C. § 1983 was in full force and effect and was binding upon DEFENDANTS SANTA CRUZ COUNTY SHERIFF'S OFFICE, STEFAN FISH and WATSONVILLE POLICE DEPARTMENT.  Said section prohibits actions under color of state law that perpetrates the deprivation of and/or denial of federally protected rights. At all times herein mentioned, DEFENDANT were state actors acting under color of state law.

34.    In committing the acts complained of herein, DEFENDANTS acted under color of state law to deprive and/or deny Plaintiff of constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to:  a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to remain silent; and d) the right not

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

to be deprived of property without due process of law.

35.     DEFENDANTS SANTA CRUZ SHERIFF'S, FISH and WATSONVILLE POLICE DEPARTMENT unlawfully detained PLAINTIFF and obtained information including the name of his employer which was then recorded in a police report.

36.     DEFENDANTS CRUZ SHERIFF'S OFFICE, FISH and WATSONVILLE POLICE DEPARTMENT defamed PLAINTIFF in the police report by stating that he was a member and/or associated with a gang that engaged in criminal activity.

37.     The statements were thereafter broadcast to PLAINTIFF'S employer SLTFD verbally and/or in writing.  PLAINTIFF'S employer was not authorized to receive such information.  Thereafter, PLAINTIFF was terminated from his position with the SLTFD.

38.     As a direct and proximate result of DEFENDANTS' unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all to his damage in an amount according to proof.

39.     As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

40.     As a further direct and proximate result of DEFENDANTS' violation of the 42 U.S.C. § 1983, PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

41.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANT STEFAN FISH was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

1  so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize

2  or deter DEFENDANT, for which DEFENDANT is liable to PLAINTIFF.

3    **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth

4  below.

5                    **SECOND CLAIM FOR RELIEF**

6                    **VIOLATION OF 42 U.S.C. § 1983**

7                    **(AGAINST CITY OF SOUTH LAKE TAHOE)**

8    42.    PLAINTIFF hereby incorporates paragraph 1 through 41 as though fully set forth

9  herein.  PLAINTIFF also incorporates by reference each and every other paragraph of this

10 Complaint except those that are inconsistent with a cause of action for a violation of 42 U.S.C.

11 § 1983.

12   43.    At all times herein mentioned 42 U.S.C. § 1983 was in full force and effect and

13 was binding upon DEFENDANT.  Said section prohibits actions under color of state law that

14 that perpetrates the deprivation of and/or denial of federally protected rights.  At all times herein

15 mentioned, DEFENDANT was a state actor acting under color of state law.

16   44.    In committing the acts complained of herein, DEFENDANT acted under color of

17 state law to deprive and/or deny Plaintiff of constitutionally protected rights under the Fourth,

18 Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not

19 limited to:  a) the right not to be deprived of liberty without due process of law; and b) the right

20 not to be deprived of property without due process of law.

21   45.    After learning of PLAINTIFF'S detention on or about May 3, 2013,

22 DEFENDANT CITY OF SOUTH LAKE TAHOE'S Fire Department requested and received

23 information about this detention.  This was information DEFENDANT was not authorized to

24 receive.

25   46.    Thereafter DEFENDANT SOUTH LAKE TAHOE'S Police Department obtained

26 and broadcast defamatory statements contained in the Watsonville Police Report to

27 PLAINTIFF'S employer, DEFENDANT SOUTH LAKE TAHOE'S Fire Department.

28   47.    DEFENDANT SOUTH LAKE TAHOE'S Fire Department issued defamatory

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

email correspondence in connection with the termination of PLAINTIFF.

48.     DEFENDANT SOUTH LAKE TAHOE used the fact of and circumstances surrounding PLAINTIFF'S May 3, 2013 detention to terminate him from his employment in violation of Labor Code §432.7.

49.     As a direct and proximate result of DEFENDANT'S unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all to his damage in an amount according to proof.

50.     As a direct, foreseeable, and proximate result of DEFENDANT'S actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

51.     As a further direct and proximate result of DEFENDANT'S violation of the 42 U.S.C. § 1983, PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANT, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANT as set forth below.

### THIRD CLAIM FOR RELIEF

#### Violation of Labor Code § 432.7(g)(1)

#### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

52.     PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.     At all times herein mentioned Labor Code § 432.7(g)(1) was in full force and effect and was binding upon DEFENDANTS.  The statute prohibits peace officers or employees of law enforcement agencies with access to criminal offender record information from

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

knowingly disclosing, with the intent to affect a person's employment any information which pertains to an arrest or detention to any person not authorized by law to receive such information.

54.     Information regarding PLAINTIFF'S detention with law enforcement officers on or about May 3, 2013 was communicated to PLAINTIFF'S employer.  DEFENDANT CITY OF SOUTH LAKE TAHOE obtained and provided a copy of the police report referring to PLAINTIFF'S detention by law enforcement officers which referred to him as a gang member and to the detention as "gang activity."  DEFENDANTS' sole purpose in making contact with PLAINTIFF'S employer and communicating such information was to affect PLAINTIFF'S employment.  PLAINTIFF'S employer was not entitled to receive such information and the communication of it was also impermissible.

55.     As a direct and proximate result of DEFENDANTS' unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all to his damage in an amount according to proof.

56.     As a direct, foreseeable, and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

57.     As a further direct and proximate result of DEFENDANTS' violation of the Labor Code section 427(g)(1), PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit pursuant to, but not limited by, Cal. Civ. Pro. Sec. 1021.5.

58.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANT STEFAN FISH was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS, for which DEFENDANTS are all liable to PLAINTIFF.

   **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

### FOURTH CLAIM FOR RELIEF

#### Violation of Labor Code § 432.7(g)(2)

#### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

   59.   PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

   60.   At all times herein mentioned Labor Code § 432.7(g)(2) was in full force and effect and was binding upon DEFENDANTS. The statute prohibits anyone who is authorized to receive criminal offender record information from knowingly disclosing, with the intent to affect a person's employment any information which pertains to an arrest or detention to any person not authorized by law to receive such information.

   61.   DEFENDANTS, including DEFENDANT FISH, communicated information regarding PLAINTIFF'S detention with law enforcement officers on or about May 3, 2013 to PLAINTIFF'S employer. DEFENDANTS, including DEFENDANT FISH, also provided a copy of the police report referring to PLAINTIFF'S detention by law enforcement officers which referred to him as a gang member and to the detention as "gang activity." DEFENDANTS' sole purpose in making contact with PLAINTIFF'S employer and communicating such information was to affect PLAINTIFF'S employment. PLAINTIFF'S employer was not entitled to receive such information.

   62.   As a direct and proximate result of DEFENDANTS' unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all to his damage in an amount according to proof.

   63.   As a direct, foreseeable, and proximate result of DEFENDANTS' actions,

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

64.     As a further direct and proximate result of DEFENDANTS' violation of the Labor Code section 427(g)(2), PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANTS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFF is therefore entitled to reasonable attorneys' fees and costs of suit pursuant to, but not limited by, Cal. Civ. Pro. Sec. 1021.5.

65.     PLAINTIFF is informed and believes and thereon alleges that the conduct of DEFENDANT STEFAN FISH was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to PLAINTIFF and/or exhibits that entire want of care which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter DEFENDANTS, for which DEFENDANTS are all liable to PLAINTIFF.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

### FOURTH CLAIM FOR RELIEF

**Violation of Labor Code § 432.7(a)**

**(BY PLAINTIFF AGAINST DEFENDANTS CITY OF SOUTH LAKE TAHOE)**

66.     PLAINTIFF incorporates by reference the allegations contained in paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.     At all times herein mentioned Labor Code§ 432.7(a) was in full force and effect and was binding upon DEFENDANTS. The statute prohibits any employer from seeking from any source whatsoever, or utilizing, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction.

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

68.     DEFENDANT STEFAN FISH and/or other agents of law enforcement communicated information regarding PLAINTIFF'S detention with law enforcement officers on or about May 3, 2013 to PLAINTIFF'S employer, SLTFD.  PLAINTIFF'S employer then requested and received a copy of the Watsonville Police Department report.  The report was used by DEFENDANT CITY OF SOUTH LAKE TAHOE to terminate PLAINTIFF'S employment. DEFENDANT CITY OF SOUTH LAKE TAHOE was not entitled to receive such information. DEFENDANT CITY OF SOUTH LAKE TAHOE willfully disregarded the truthful information provided by PLAINTIFF that he was not involved in any manner in gang activities, rather he belonged to a group whose members included EMTs, and firefighters who raised money for charities.

69.     As a direct and proximate result of DEFENDANT CITY OF SOUTH LAKE TAHOE'S unlawful actions as described above, PLAINTIFF has incurred, and will continue to incur loss of employment, training, advancement and promotional opportunities, loss of wages and benefits, medical expenses, all to his damage in an amount according to proof.

70.     As a direct, foreseeable, and proximate result of DEFENDANT CITY OF SOUTH LAKE TAHOE'S actions, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

71.     As a further direct and proximate result of DEFENDANT' CITY OF SOUTH LAKE TAHOE'S violation of the Labor Code section 427(a)), PLAINTIFF has been compelled to retain the services of counsel in an effort to remedy the harm inflicted upon him by DEFENDANT CITY OF SOUTH LAKE TAHOE, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to PLAINTIFF, and PLAINTIFFS are therefore entitled to reasonable attorneys' fees and costs of suit pursuant to, but not limited by, Cal. Civ. Pro. Sec. 1021.5.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

1
2
## SIXTH CLAIM FOR RELIEF

### Defamation Per Se

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

72.     PLAINTIFF alleges and incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.  PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for defamation per se.

73.     At all times relevant to this action, California Civil Code § 43, et seq. were in full force and effect.  Section 43 provides that every person has, subject to the qualifications and restrictions provided by law, the right of protection from … defamation, and from injury to his personal relations. Defamation is effected by either of the following:  (a) Libel; (b) Slander.

74.     Civil Code Section 44 defines slander as a category of defamation.

75.     Civil Code section 45 provides: "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

76.     Civil Code section 46 provides:

Slander is a false and unprivileged publication, orally uttered,  and also communications by radio or any mechanical or other means which:

1.     Charges any person with crime, or with having been indicted, convicted, or punished for crime;
2.     Imputes in him the present existence of an infectious, contagious, or loathsome disease;
3.     Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
4.     Imputes to him impotence or a want of chastity; or
5.     Which, by natural consequence, causes actual damages.

77.     While the precise date of these publications are not known to PLAINTIFF, except as herein alleged, DEFENDANTS made the following statements:

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

a.      On or about May 4, 2013, in a written police report, DEFENDANTS SANTA CRUZ SHERIFF'S OFFICE, WATSONVILLE POLICE DEPARTMENT and STEFAN FISH stated that PLAINTIFF'S (1) stop was related to "gang activity"; (2) "admissions of gang affiliation were made"; (3) that he "displayed gang signs or symbols"; (4) that he "wore unique gang colors or dress"; (5) that "we was observed in association with gang members" and (6) that he was a "gang member."

b.      On or about June 10, 2013, DEFENDANT CITY OF SOUTH LAKE TAHOE'S agent issued an email correspondence which referred to PLAINTIFF as a "Gang Member Firefighter" and a "known gang member." The correspondence stated that PLAINTIFF was associated with another known [gang] member at the time of the police report. The correspondence stated that PLAINTIFF could be violent. The correspondence stated that PLAINTIFF would fail to perform his duties as a firefighter and emergency medical technician. The correspondence recommended that the police report could be published to South Lake Tahoe Fire Department firefighters, staff and to the entire community. The correspondence was sent to executive and supervisory staff.  Plaintiff is informed and believes that subsequent false statements regarding PLAINTIFF were made at various times.

78.      The above referenced publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by DEFENDANTS, and each of them. PLAINTIFF is informed and believes that the negligent, reckless, and intentional publications by DEFENDANTS, and each of them, were and continue to be, foreseeably published and republished by DEFENDANTS, their agents, employees, and recipients in the community. PLAINTIFF hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

79.      During the above-described time-frame, DEFENDANTS, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning PLAINTIFF, to third persons, who had no need or desire to know. Those third person(s) to whom these DEFENDANTS published this defamation are believed to include, but are not limited to, other agents and employees of

DEFENDANTS, and each of them, and the community, all of whom are known to

DEFENDANTS, and each of them, but some of whom are unknown at this time to PLAINTIFF.

80.     The defamatory publications consisted of oral and written, knowingly false and

unprivileged communications, tending directly to injure PLAINTIFF and PLAINTIFF'S

personal, business, and professional reputation. These publications included the following false

and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(1)(3)(5)) with the

meaning and/or substance:  PLAINTIFF was a gang member who engaged in criminal conduct,

associated with other known criminals and/or gang members, engaged in violence and would fail

to perform his duties.  These and similar statements published by DEFENDANTS, and each of

them, expressly and impliedly asserted that Plaintiff was a violent criminal who would be

derelict in his duties.

81.     Plaintiff is informed, believes and fears that these false and defamatory per se

statements will continue to be published by DEFENDANTS, and each of them, and will be

foreseeably republished by their recipients, all to the ongoing harm and injury to PLAINTIFF'S

business, professional, and personal reputations. PLAINTIFF also seeks redress in this action for

all foreseeable republications, including her own compelled self-publication of these defamatory

statements.

82.     The defamatory meaning of all of the above-described false and defamatory

statements and their reference to PLAINTIFF, were understood by these above-referenced third

person recipients and other members of the community who are known to DEFENDANTS, and

each of them, but unknown to PLAINTIFF at this time.

83.     None of DEFENDANTS' defamatory publications against PLAINTIFF

referenced above are true.

84.     The above defamatory statements were understood as assertions of fact, and not

as opinion. PLAINTIFF is informed and believes this defamation will continue to be negligently,

recklessly, and intentionally published and foreseeably republished by DEFENDANTS, and

each of them, and foreseeably republished by recipients of DEFENDANTS' publications,

thereby causing additional injury and damages for which PLAINTIFF seeks redress by this

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

action.

85.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which PLAINTIFF denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure PLAINTIFF in order to justify the illegal and cruel actions of DEFENDANTS, and each of them, to cause further damage to PLAINTIFF'S professional and personal reputation, and to cause him to be fired.

86.     Each of these publications by DEFENDANTS, and each of them, was made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The DEFENDANTS published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by DEFENDANTS, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did DEFENDANTS, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. DEFENDANTS, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

87.     The above complained-of publications by DEFENDANTS, and each of them, were made with hatred and ill will towards PLAINTIFF and the design and intent to injure PLAINTIFF, PLAINTIFF'S good name, his reputation, employment and employability. DEFENDANTS, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure PLAINTFF and destroy his reputation. Therefore, no privilege existed to protect any of the DEFENDANTS from liability for any of these aforementioned publications or republications.

88.     As a proximate result of the publication and republication of these defamatory statements by DEFENDANTS, and each of them, PLAINTIFF has suffered injury to his

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to PLAINTIFF'S economic, emotional, and general damage in an amount according to proof.

89.     DEFENDANTS, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of PLAINTIFF'S rights. All actions of DEFENDANTS, and each of them, their agents and employees, herein alleged were known, ratified and approved by the DEFENDANTS, and each of them. PLAINTIFF would thus is entitled to recover punitive and exemplary damages from DEFENDANTS, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial but for DEFENDANTS status as a public entity.

90.     DEFENDANT'S defamatory publications were a substantial factor in causing PLAINTIFF harm.  PLAINTIFF has been damaged in an amount in excess of the jurisdictional limits of this Court.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

### SEVENTH CLAIM FOR RELIEF

#### Libel

#### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

91.     PLAINTIFF alleges and incorporates by reference Paragraphs 1 through 90 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for libel.

92.     PLAINTIFF is informed and believes DEFENDANTS, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

caused external written publications of libel, and libel per se, of and concerning PLAINTIFF, to third persons and to the community. These false and libelous statements were express: (1) the written police report dated May 4, 2013 stating, *inter alia,* that Plaintiff was a gang member; and (2) the email correspondence on or about June 10, 2013 stating that PLAINTIFF was a gang member who associated with other known gang members. These and other similar false statements expressly and impliedly conveyed that PLAINTIFF was a violent criminal who could not be trusted and would fail to perform his duties as a firefighter.

93.     While the precise dates of all of these publications are not known to PLAINITFF, except as herein alleged, the police report was dated May 4, 2013 and the email correspondence calling PLAINTIFF a gang member was sent June 10, 2013. PLAINTIFF is informed and believes that subsequent false written statements regarding PLAINTIFF were made at various times. These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by DEFENDANTS, and each of them. PLAINTIFF is informed and believes that the negligent, reckless, and intentional publications by DEFENDANTS, and each of them, were and continue to be, foreseeably published and republished by DEFENDANTS, their agents, employees, and recipients in the community. PLAINTIFF hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

94.     During the above-described time-frame, DEFENDANTS, and each of them, conspired to, and in fact did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning PLAINTIFF, to third persons. Those third person(s) to whom these DEFENDANTS published these libelous statements are believed to include, but are not limited to, other persons in the firefighter community, and the community at large.

95.     The libelous publication consisted of written, knowingly false and unprivileged communications, tending directly to injure PLAINTIFF and PLAINTIFF'S personal, business, and professional reputation. These publications included the following false and libelous statements in its correspondence (in violation of Civil Code §§ 45, 45a and 46(1)(3)(5)) with the meaning and/or substance: PLAINTIFF was a gang member who engaged in criminal conduct,

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

associated with other known criminals and/or gang members, engaged in violence and would fail to perform his duties.  These and similar statements published by DEFENDANTS, and each of them, expressly and impliedly asserted that Plaintiff was a violent criminal who would be derelict in his duties.

96.     The libelous meaning of all of the above-described false and libelous statements and their reference to PLAINTIFF, were understood by these above-referenced third person recipients and other members of the community who are known to DEFENDANTS, and each of them, but some of whom are unknown to PLAINTIFF at this time.

97.     None of DEFENDANTS' libelous publications against PLAINTIFF referenced above are true.

98.     The above libelous statements were understood as assertions of fact, and not as opinion.

99.     Each of these false libelous publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which PLAINTIFF denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure PLAINTIFF in order to justify the illegal and cruel actions of DEFENDANTS, and each of them, to cause further damage to PLAINTIFF'S professional and personal reputation.

100.    Each of these publications by DEFENDANTS, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The DEFENDANTS, published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by DEFENDANTS, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did DEFENDANTS, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.

101.    The above complained-of publications by DEFENDANTS, and each of them, were made with hatred and ill will towards PLAINTIFF and the design and intent to injure

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

PLAINTIFF, PLAINTIFF'S good name, his reputation, employment and employability. DEFENDANTS, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure PLAINTIFF and destroy his reputation. Therefore, no privilege existed to protect any of the DEFENDANTS from liability for any of these aforementioned publications or republications.

102.    As a proximate result of the publication and republication of these defamatory statements by DEFENDANTS, and each of them, PLAINTIFF has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to PLAINTIFF'S economic, emotional, and general damage in an amount according to proof.

103.    DEFENDANTS, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of PLAINTIFF'S rights.  All actions of DEFENDANTS, and each of them, their agents and employees, herein alleged were known, ratified and approved by the DEFENDANTS, and each of them. PLAINTIFF would thus be entitled to recover punitive and exemplary damages from DEFENDANTS, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial but for DEFENDANTS status as a public entity.

104.    DEFENDANT'S libelous publications were a substantial factor in causing PLAINTIFF harm.  PLAINTIFF has been damaged in an amount in excess of the jurisdictional limits of this Court.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

## EIGHTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

105.    PLAINTIFF alleges and incorporates by reference Paragraphs 1 through 104 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for negligent infliction of emotional distress.

106.    By engaging in the conduct set forth herein, DEFENDANTS have negligently breached their duty of care not to engage in the conduct alleged.

107.    DEFENDANTS, and each of them, knew or should have known that their actions were likely to result in serious emotional harm, anguish and distress to PLAINTIFF.

108.    As a proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered and continues to suffer discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

109.    PLAINTIFF is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by all DEFENDANTS was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF'S rights.  As a result, PLAINTIFF is entitled to recover punitive damages against DEFENDANT FISH as allowed for under law.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as set forth below.

## NINTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

110.    PLAINTIFF alleges and incorporate by reference Paragraphs 1 through 109 of this Complaint as if fully set forth herein. PLAINTIFF also incorporates into this cause of action

each and every allegation set forth in every paragraph of this Complaint, except those that are inconsistent with a cause of action for intentional infliction of emotional distress.

111.    The conduct set forth herein above by DEFENDANTS was extreme and outrageous.  Said conduct was intended to cause and did cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress.

112.    As a proximate result of said conduct, PLAINTIFF has suffered and continues to suffer discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

113.    PLAINTIFF is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by DEFENDANTS was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF'S rights.  As a result, PLAINTIFF is entitled to recover punitive damages against DEFENDANT FISH as allowable under law.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF demands judgment against all DEFENDANTS as follows:

a.    That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

b.    That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

c.    That PLAINTIFF has and recovers a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS;

d.    That PLAINTIFF has and recovers a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and expert fees;

e.    That PLAINTIFF has and recovers a judgment against DEFENDANTS enjoining

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

1   DEFENDANTS from engaging in each of the unlawful practices set forth in this

2   Complaint;

3   f.   That PLAINTIFF obtain injunctive relief;

4   g.   That PLAINTIFF recovers pre-judgment and post-judgment interest; and

5   h.   That PLAINTIFF has such other relief as this Court deems just and appropriate.

6

7   **PLAINTIFF DEMANDS TRIAL BY JURY.**

8   Dated: September 18, 2014                Respectfully submitted,

9                                            STEWART & MUSELL, LLP

10

11                                           _/s/ Elisa J. Stewart_____

12                                           Elisa J. Stewart
                                             Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEWART & MUSELL, LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CA 94104

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
Case No.:  5:14-CV-00326 BLF