1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KRISTOPHER KLAY, | ) | Case No. 5:14-CV-00326 BLF |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR A PROTECTIVE ORDER** |
| v. | ) | |
| | ) | **(Re: Docket No. 65)** |
| SANTA CRUZ COUNTY SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kristopher Klay moves for a protective order to prevent Defendant City of South Lake Tahoe from deposing his two supervisors where he currently works. Because Klay has failed to show that the depositions are likely to result in sufficient and specific harm or prejudice, and because both deponents have unique information highly relevant to Klay's claims in this case, the court DENIES the motion.

**I.**

Klay worked as a firefighter in South Lake Tahoe until he was terminated in 2013. Klay alleges that his termination was based in substantial part on the contents of a 2013 police report detailing his detention in the City of Watsonville. In addition to alleging that South Lake Tahoe violated his civil rights, Klay alleges South Lake Tahoe that defamed him in the "firefighting community" by disclosing the contents of the police report. Klay contends such revelations significantly impacted his ability to get another job, caused severe emotional distress and otherwise negatively impacted his future as a firefighter.

Case No. 5:14-cv-00326-BLF
ORDER DENYING MOTION FOR A PROTECTIVE ORDER

Klay now works as a firefighter for the City of Hollister.  In pursuit of its defense that Klay has not suffered any harm to his reputation among firefighters, South Lake Tahoe has served deposition subpoenas on Captains Rod Dover and Sean Olguin, Klay's current supervisors in the City of Hollister Fire Department.  Worried that his probationary position may be jeopardized if his supervisors come to learn the details of the report through questions posed by South Lake Tahoe's attorneys, Klay seeks a protective order to preclude South Lake Tahoe from deposing the supervisors and to enforce a previously-issued stipulated order preventing disclosure of the contents of the police report.[1]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The undersigned is assigned all discovery matters in this case pursuant to Fed. R. Civ. P. 72(a).

Under Rule 45, any party may serve a subpoena commanding a non-party to attend and testify at a deposition or to produce designated documents.[2]  Any such subpoena is subject to the relevance requirements set forth in Rule 26(b).[3]  Upon timely motion, the issuing court may quash or modify the subpoena if it causes undue burden.[4]  A party objecting to a subpoena served on a non-party must move to quash.[5]  "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought the requesting party's need, and the potential hardship to the party subject to the subpoena."[6]

---

[1] *See* Docket No. 55. ("Defendants will not disclose the May 3, 2015 Watsonville Department police report or any other information garnered as a result of the detention of Plaintiff on May 3, 2015 to Plaintiff's current employers.").

[2] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).

[3] *See, e.g.*, *Sedaghatpour v. California*, Case No. 07-cv-01802, 2007 WL 4259214, at *1 (N.D. Cal. Dec. 3, 2007).

[4] *See* Fed. R. Civ. P. 45(c)(3)(A).

[5] *See id.*

[6] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)).

Case No. 5:14-cv-00326-BLF
ORDER DENYING MOTION FOR A PROTECTIVE ORDER

When a party makes a motion for a protective order pursuant to Rule 26(c), "the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue expense or burden, including . . . forbidding the disclosure or discovery."[7]  "The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order."[8]  Under Rule 26(c), "the party asserting good cause bears the burden, for each particular document it seeks to protect [or deposition it seeks to protect against], of showing that specific prejudice or harm will result if no protective order is granted."[9]

### III.

At issue is whether there is good cause to issue a protective order preventing South Lake Tahoe from deposing Klay's current supervisors.  Because the depositions are likely to produce new information relevant to Klay's defamation allegations and Klay has not shown that he faces a specific prejudice or harm, South Lake Tahoe is entitled to take them.

*First*, there is no question the supervisors have unique information relevant to Klay's allegations.  A key issue raised by the complaint is what training, advancement and promotional opportunities are currently available to Klay in the aftermath of the disclosure of the report.  Another key issue is what pay and benefits Klay lost because of the disclosure.  Yet another key issue is the emotional impact Klay alleges from the disclosure.  As his immediate and current supervisors, Dover and Olguin are uniquely qualified to address each issue and whether any harm Klay suffered is, as Klay alleges, irreparable.  It may be, as Klay urges, that South Lake Tahoe can get some of this same information from various employment documents that have been produced in this case.  But some is not all, and documents alone are no substitute for deposition testimony.

---

[7] Fed. R. Civ. P. 26(c).  *See also Finley v. Pulcrano*, Case No. 08-cv-00248, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008).

[8] *Koh v. S.C. Johnson & Son, Inc.*, Case No. 09-cv-00927, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011).

[9] Fed. R. Civ. P. 26(c).  *See also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips,* 307 F.3d at 1210–11); *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

Case No. 5:14-cv-00326-BLF
ORDER DENYING MOTION FOR A PROTECTIVE ORDER

United States District Court
For the Northern District of California

**Second**, South Lake Tahoe has disclaimed any interest in any privileged or highly confidential information that might otherwise justify a protective order.[10]  South Lake Tahoe also has represented that it will abide by the stipulated order by not disclosing the police report or any information gathered from it to either of the deponents.[11]

**Third**, Klay testified in his deposition that he previously disclosed to his current employer the general circumstances of his termination from South Lake Tahoe.  In response to a question about how he got hired by Hollister, Klay answered "I went straight to the fire chief and a couple high ranking captains and kind of had one-on-one sit-downs basically explaining my whole situation, laying everything out."[12]  He also testified that he was directed by the Hollister Fire Chief not to include the release from probation on one application and to include that he was released from probation on another application.[13]

**Fourth**, while Klay speculates that he faces adverse employment action by Hollister, he offers no evidence of a specific threat substantiating his concerns.

In sum, by bringing this lawsuit, Klay put the circumstances of his current job at issue. Especially in the absence of any proof that the deposition would expose Klay to any greater risk than he presently faces, it would be fundamentally unfair to deny South Lake Tahoe from information important to its defense.

---

[10] *Cf. Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1074 (9th Cir. 2004) (immigration status); *Davis v. Superior Court*, 7 Cal.App.4th 1008, 1014 (1992) (psychological records); *Mendez v. Superior Court*, 206 Cal.App.3d 557, 566 (1998) (sexual conduct); *Britt v. Superior Court*, 20 Cal. 3d 844, 848 (1978) (political activities); *Bd. of Trustees v. Superior Court*, 119 Cal.App.3d 516, 525-26 (1981) (personnel records of tenure and promotion); *El Dorado Savings & Loan v. Superior Court*, 190 Cal.App.3d 342, 345-46 (1987) (entire personnel file).

[11] *See* Docket No. 74-1 at 4.

[12] *See* Docket No. 74-7 at 276:12-15.

[13] *See id.* at 425:21-426:7

4

Case No. 5:14-cv-00326-BLF
ORDER DENYING MOTION FOR A PROTECTIVE ORDER

**SO ORDERED.**

Dated: June 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California